**LAW OFFICES OF ALEX GALVEZ**
Alex Galvez, Esq. SBN263824
1151 West 6th Street
Los Angeles, CA 90017
Tel.: (213) 623-2358
Fax.: (213) 623-2445

Attorneys for Petitioner,
NELSON ARMANDO LANDAVERDE ERAZO

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NELSON ARMANDO LANDAVERDE ERAZO,<br><br>Petitioner,<br>VS.<br><br>MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security; DAVID J. VENTURELLA, Acting Director of IMMIGRATION AND CUSTOMS ENFORCEMENT; THOMAS GILES in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; EDDY WANG, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; TODD BLANCHE, Attorney General for the United States; FERETI SEMAIA, WARDEN OF ADELANTO ICE PROCESSING CENTER, in his/her capacity as warden of the ADELANTO ICE PROCESSING CENTER, and DOES 1 to 10, INCLUSIVE.<br><br>Respondents. | Case No. 5:26-cv-6016<br><br>Related Cases: 5:26-cv-05117-MCS-JDE<br><br>**EMERGENCY VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; REQUEST FOR IMMEDIATE RELEASE; REQUEST FOR EMERGENCY ADJUDICATION** |

## INTRODUCTION

1. COMES NOW Petitioner Nelson Armando Landaverde Erazo ("Petitioner" or "Mr. Landaverde Erazo"), by and through counsel, and petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and appropriate declaratory and injunctive relief challenging the statutory and constitutional legality of his continuing civil immigration detention at the Adelanto ICE Processing Center.
2. This case concerns the constitutional sufficiency of an individualized immigration custody determination that denied Petitioner release on the ground that he presents a flight risk. Petitioner is a native and citizen of El Salvador who entered the United States in approximately 2021, has no reported criminal history, and was apprehended by immigration enforcement officers on August 14, 2026, while traveling to work. According to Petitioner, the officers were conducting an operation directed at his uncle rather than at Petitioner himself.
3. Petitioner does not contend that the Government lacks authority to institute removal proceedings or that his limited period of residence confers an unconditional entitlement to release. Rather, the question presented is whether Respondents may continue physically confining him under 8 U.S.C.

§ 1226(a) based upon a flight-risk determination that must be supported by a lawful application of individualized custody standards and constitutionally adequate procedures.

4. On September 3, 2026, an Immigration Judge conducted a bond hearing and denied release based upon flight risk. Petitioner challenges the legal and constitutional adequacy of that determination, including whether the adjudicator actually connected the available evidence to a present likelihood of nonappearance and evaluated the significance of Petitioner's lack of reported criminal history, circumstances of apprehension, employment, available residence, and any concrete conditions capable of ensuring his appearance.

5. Petitioner recognizes that favorable personal circumstances do not automatically compel release. Under *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006), an Immigration Judge retains substantial discretion to evaluate the factors relevant to custody. That discretion, however, does not authorize reliance upon legally irrelevant considerations, unsupported assumptions, or a mistaken application of the governing detention framework.

6. The Ninth Circuit has recognized that 8 U.S.C. § 1226(e) restricts judicial reconsideration of discretionary immigration bond determinations while preserving federal jurisdiction over constitutional claims and legal error.

*Martinez v. Clark*, 124 F.4th 775, 781–85 (9th Cir. 2024). Accordingly, Petitioner does not ask this Court merely to assign a different weight to the evidence or independently select a bond amount. He seeks judicial review of whether continued confinement is being sustained through a legally adequate individualized determination.

7. The procedural history requires particular attention. Petitioner previously sought habeas relief in *Landaverde Erazo v. Pinheiro*, No. 5:26-cv-05117-MCS-JDE (C.D. Cal.). At the time that action was commenced, Petitioner had not yet received the September 3 bond hearing that subsequently became the subject of the present controversy.

8. On September 14, 2026, Magistrate Judge John D. Early issued a Report and Recommendation concluding that the original claims had become moot and that the challenge to the September 3 custody determination, first raised in reply, had not been administratively exhausted.

9. On September 17, 2026, District Judge Mark C. Scarsi accepted that recommendation and dismissed the action without prejudice. *Landaverde Erazo v. Pinheiro*, No. 5:26-cv-05117-MCS-JDE, Dkts. 13–14 (C.D. Cal. Sept. 17, 2026).

10. The September 17 judgment did not determine that Petitioner was properly classified as a flight risk. It did not adjudicate whether the Immigration

Judge applied the correct legal standard, whether the record sufficiently supported the detention rationale, or whether continued confinement was constitutionally justified. The dismissal was expressly without prejudice, and the challenge to the September 3 hearing was dismissed for non-exhaustion.

11. Petitioner has now retained counsel for the specific purpose of pursuing an administrative bond appeal and federal habeas relief. Counsel has filed an appeal from the adverse bond determination with the Board of Immigration Appeals.

12. Petitioner candidly acknowledges that the filing of a Board appeal does not automatically constitute completed exhaustion. *Leonardo v. Crawford*, 646 F.3d 1157, 1160–61 (9th Cir. 2011). Nevertheless, the present circumstances materially differ from those existing when the first habeas action was dismissed. Petitioner has invoked the available administrative process and seeks excusal of prudential exhaustion because the constitutional challenge concerns an ongoing deprivation of physical liberty for which prolonged administrative review may provide an inadequate or untimely remedy.

13. This distinction is significant under *Laing v. Ashcroft*, 370 F.3d 994, 997–1000 (9th Cir. 2004), and *Puga v. Chertoff*, 488 F.3d 812, 815–16 (9th Cir. 2007). The purposes of exhaustion must be examined in relation to the claims asserted, the availability of administrative correction, the risk of

encouraging deliberate circumvention, and the prejudice imposed by continued confinement.

14. Recent Central District decisions provide persuasive guidance concerning the distinction between impermissible federal re-weighing and reviewable legal deficiencies in immigration custody determinations. In *David Moreno Flores v. Santacruz*, No. 5:26-cv-03393-SP, Dkt. 14 (C.D. Cal. Sept. 14, 2026), the court reviewed the actual bond-hearing record, determined that the Immigration Judge had impermissibly relied upon inadequate and speculative reasons to support an un-mitigable flight-risk finding, and ordered immediate release.

15. The *Moreno Flores* decision is instructive because it recognizes that the existence of a bond hearing does not foreclose habeas relief where the reasoning actually employed fails to satisfy the governing legal standard. Petitioner does not claim that his own hearing involved identical reasoning without examination of the September 3 recording and decision. Instead, he relies upon the decision as persuasive authority requiring that custody determinations be assessed for legal sufficiency rather than accepted categorically by virtue of their discretionary character.

16. Petitioner primarily requests immediate release if the Court determines that the September 3 proceeding failed to establish a lawful basis for continued

detention. Alternatively, he seeks a prompt, constitutionally adequate custody redetermination with meaningful consideration of individualized evidence, enforceable release conditions, and sufficient findings to permit judicial review.

## JURISDICTION AND VENUE

17. This Court possesses habeas jurisdiction pursuant to 28 U.S.C. § 2241(a) and (c)(3), which authorizes relief where an individual remains in custody in violation of the Constitution or laws of the United States. Petitioner is presently confined in federal civil immigration detention and challenges the legal sufficiency of the procedures and determinations sustaining that custody. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001); *Demore v. Kim*, 538 U.S. 510, 516–17 (2003).

18. Petitioner's claims concern physical confinement rather than the merits of his removal proceedings. He does not request adjudication of his removability, asylum eligibility, withholding eligibility, or any other substantive application for immigration relief.

19. Under *Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018), 8 U.S.C. § 1226 generally governs detention pending a removal determination. To the extent Respondents rely upon § 1225(b)(2)(A) merely because Petitioner entered without admission and was later encountered within the interior of the

United States, that position is inconsistent with *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1192–93 (9th Cir. 2026).

20. Petitioner's prior bond hearing is consistent with treatment of his custody as subject to administrative redetermination under § 1226(a). Nevertheless, Respondents should be required to identify the actual statutory detention authority and any mandatory-detention predicate upon which they rely.

21. Section 1226(e) does not bar this action insofar as Petitioner raises constitutional questions or reviewable legal error. *Martinez*, 124 F.4th at 781–85. Petitioner recognizes that a district court may not substitute its preferred weighing of ordinary custody evidence for the discretionary judgment of immigration authorities. He instead challenges whether the agency employed the correct legal standard and whether its rationale lawfully supports continued physical custody.

22. The Court also possesses federal-question jurisdiction pursuant to 28 U.S.C. § 1331 insofar as Petitioner seeks declaratory and injunctive relief arising under federal law. Declaratory relief is governed by 28 U.S.C. §§ 2201–2202, and appropriate prospective relief may issue pursuant to the Court's equitable authority, subject to applicable statutory limitations.

23. Venue is proper in the Central District of California because Petitioner is confined at the Adelanto ICE Processing Center in San Bernardino County,

within the Eastern Division of this District. His immediate physical custodian is subject to the territorial jurisdiction of the Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 443 (2004).

24. The prior habeas action's dismissal without prejudice does not constitute an adjudication on the merits of the September 3 bond-hearing challenge. Petitioner discloses that proceeding to permit consideration of any applicable related-case rules and acknowledges that the previous exhaustion ruling must be addressed rather than disregarded.

**PARTIES**

25. Petitioner NELSON ARMANDO LANDAVERDE ERAZO, is a native and citizen of El Salvador who first entered the United States in or about 2021. On August 14, 2026, officers of United States Immigration and Customs Enforcement ("ICE") apprehended Petitioner while he was traveling to work. He is presently confined in federal civil immigration custody at the Adelanto ICE Processing Center in Adelanto, California, within the territorial jurisdiction of this Court.

26. Petitioner reports that he has no criminal history and has no United States citizen immediate family members. On September 3, 2026, an Immigration Judge denied his request for release on bond based upon flight risk. Petitioner challenges the statutory and constitutional sufficiency of that

custody determination and his resulting continued physical confinement. His representation in this action is limited to immigration detention and related habeas proceedings and does not extend to the merits of his underlying removal proceedings.

27. Respondent FERETI SEMAIA is the Warden of the Adelanto ICE Processing Center and is sued in his official capacity as Petitioner's immediate physical custodian. As Warden, Respondent Semaia is responsible for the facility in which Petitioner is confined and for implementing any lawful judicial order directing Petitioner's production or release. He is therefore the ordinarily proper respondent to a core habeas petition challenging present physical custody. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 443 (2004).

28. Respondent THOMAS GILES is the Acting Field Office Director for the Los Angeles Field Office of ICE Enforcement and Removal Operations (“ERO”) and is sued in his official capacity. In that capacity, Respondent Giles exercises supervisory authority over immigration enforcement and custody operations within the Los Angeles Area of Responsibility, including matters concerning continued detention, release, supervision, and implementation of applicable custody determinations affecting Petitioner. Petitioner names Respondent Giles insofar as his official responsibilities

encompass the challenged detention and any prospective relief necessary to effectuate this Court's judgment.

29. Respondent DAVID J. VENTURELLA is the Acting Director of United States Immigration and Customs Enforcement and is sued in his official capacity. As Acting Director, Respondent Venturella exercises agency-level supervisory responsibility for ICE's administration

30. Respondent TODD BLANCHE is the Attorney General of the United States and is sued solely in his official capacity. The Attorney General exercises supervisory authority over EOIR, including the Board of Immigration Appeals, before which Petitioner's merits appeal presently remains pending.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

### A. *The Prior Dismissal Requires a Specific and Candid Showing of Excusal*

31. The Ninth Circuit ordinarily requires an individual challenging an adverse Immigration Judge bond determination to pursue the available BIA appeal before obtaining federal habeas review. *Leonardo v. Crawford*, 646 F.3d 1157, 1160–61 (9th Cir. 2011).

32. That rule is directly implicated here. Judge Scarsi previously dismissed Petitioner's challenge to the September 3 bond hearing without prejudice because the issue had been raised before exhaustion of administrative remedies.

33. Petitioner does not contend that the dismissal was erroneous merely because it was unfavorable. Nor does he contend that the filing of the subsequently submitted BIA appeal necessarily constitutes completed exhaustion.

34. Rather, Petitioner requests that the Court exercise its discretion to excuse prudential exhaustion under the particular circumstances now presented. The prior judgment resolved a procedural defect existing at that time; it did not eliminate the district court's authority to consider a properly supported request for excusal in a subsequent action.

B. *The Puga Factors Support Excusal Where Legal Error and Continued Physical Confinement Are at Issue*

35. In *Puga v. Chertoff*, 488 F.3d 812, 815–16 (9th Cir. 2007), the Ninth Circuit identified three considerations governing prudential exhaustion: whether agency expertise is necessary to develop the factual record and reach an appropriate decision; whether excusal would encourage deliberate circumvention of the administrative process; and whether administrative review is likely to permit agency correction without judicial intervention.

36. The first factor requires a distinction between the BIA's authority to review custody evidence and the federal court's jurisdiction over legal and constitutional deficiencies. The Board possesses institutional expertise concerning the *Guerra* factors, the regulatory burden of proof, and administrative bond eligibility. Petitioner does not dispute that expertise.

37. Nevertheless, whether an Immigration Judge relied upon legally impermissible assumptions, failed to apply the required standard, or otherwise conducted proceedings that were constitutionally inadequate presents a question subject to federal habeas review under *Martinez*.

38. The first factor therefore supports judicial consideration to the extent the constitutional claim can be resolved on the existing administrative record without requiring the district court to exercise the Board's discretionary bond authority.

39. The second factor strongly favors Petitioner. He has now filed the BIA bond appeal that prior counsel reportedly failed to submit before the original habeas proceedings concluded. He therefore is not deliberately avoiding the administrative scheme.

40. Petitioner's decision to seek federal habeas relief while pursuing Board review reflects the continuing character of the alleged constitutional injury rather than abandonment of the administrative remedy.

41. The third factor requires consideration of the relief the Board realistically can provide and whether such relief would adequately remedy the ongoing loss of physical liberty. A favorable Board decision might correct an erroneous custody determination, but an extended administrative review

process would not restore the days and weeks of liberty lost during allegedly unconstitutional detention.

42. Petitioner acknowledges that the potential delay associated with an appeal cannot automatically excuse exhaustion in every bond case. Such a rule would be inconsistent with *Leonardo*. The case-specific circumstances, including the prior dismissal, prompt invocation of the administrative process through new counsel, lack of reported criminal history, and continuing custody, should nevertheless inform the Court's discretionary assessment.

C. *Laing Supports Excusal Where Administrative Review Is Inadequate or Continued Delay Causes Irreparable Injury*

43. In *Laing v. Ashcroft*, 370 F.3d 994, 997–1001 (9th Cir. 2004), the Ninth Circuit recognized that prudential exhaustion may be excused where administrative remedies are inadequate or inefficacious, pursuit would be futile, irreparable injury would result, or the administrative proceedings are void.

44. Petitioner maintains that prolonged reliance upon a legally deficient flight-risk determination can constitute an ongoing constitutional injury for which post hoc administrative correction may be inadequate.

45. At the same time, he recognizes that the record must demonstrate an actual legal or procedural deficiency. Merely asserting that the Immigration Judge

should have weighed the evidence differently would not support excusal or relief.

46. The Court should therefore assess the September 3 hearing record, the specific grounds raised in the pending Board appeal, and the factual and legal basis for the asserted constitutional error. If the Court determines that an adequate administrative remedy remains available and that excusal is not justified, Petitioner requests retention of jurisdiction through a stay pending Board review.

47. *Leonardo* expressly recognizes a stay as an alternative to dismissal where exhaustion remains outstanding. 646 F.3d at 1160–61. Such relief would avoid forcing Petitioner to initiate yet another habeas proceeding following completion of the administrative process.

## STATEMENT OF FACTS

A. *Petitioner's Background and Entry into the United States*

48. Petitioner is a native and citizen of El Salvador who first entered the United States in approximately 2021.

49. Petitioner reports that he was detained and fingerprinted by immigration authorities on approximately four or five occasions. The dates, legal consequences, and disposition of those encounters must be established from his immigration records. Petitioner does not characterize those encounters as

formally ordered removals, voluntary returns, or reinstatement predicates without documentary confirmation.

50. Petitioner has no reported criminal history. The presently available materials do not establish a criminal conviction, pending criminal prosecution, or individualized allegation of dangerous conduct.

51. Petitioner has no United States citizen immediate family members. He does not rely upon United States citizen family relationships as the factual basis for his request for custody redetermination.

52. His employment and residential circumstances, any sponsor, and his history of compliance with prior immigration instructions should be documented through declarations and supporting records before filing. Those matters bear directly upon flight-risk mitigation.

B. *ICE Apprehended Petitioner While He Was Traveling to Work During an Operation Allegedly Directed at His Uncle*

53. On August 14, 2026, ICE officers apprehended Petitioner while he was traveling to work.

54. Petitioner reports that the officers were looking for his uncle rather than for him. That allegation should be corroborated through the Form I-213, arrest records, and Petitioner's declaration to the extent possible.

55. The distinction between the intended enforcement target and the person actually detained is relevant to the individualized character of the arrest and

custody inquiry, although it does not alone establish that the Government lacked authority to apprehend Petitioner.

56. Petitioner does not allege, without supporting records, that no administrative warrant existed or that officers necessarily violated the warrantless-arrest requirements of 8 U.S.C. § 1357(a)(2). The present Petition principally challenges continued custody following the September 3 flight-risk decision.

57. Nevertheless, the circumstances of the apprehension bear upon the factual record insofar as they disclose whether Petitioner attempted to evade immigration authorities, resisted lawful instructions, concealed his identity, or otherwise engaged in conduct bearing upon prospective nonappearance.

C. *The September 3 Bond Hearing Resulted in a Flight-Risk Denial*

58. On September 3, 2026, an Immigration Judge conducted a custody-redetermination hearing and denied Petitioner's request for release based upon flight risk.

59. Petitioner challenges the legal and constitutional adequacy of that finding. His claim requires review of the Immigration Judge's actual stated reasons, the evidence received, any oral findings, and the treatment of alternatives to continued physical confinement.

60. The record supplied with this Petition should include the written custody determination, any explanatory memorandum, the hearing recording, and the evidence submitted for or against release.

61. In particular, the Court should determine whether the adjudicator relied upon a generalized assumption arising from Petitioner's manner of entry, nationality, prior border encounters, or limited immigration relief, rather than identifying a reasoned connection between those circumstances and a present likelihood of nonappearance.

62. Petitioner does not represent that the Immigration Judge relied upon those factors until the hearing record establishes that fact. Their possible significance is identified because the governing authorities distinguish permissible individualized consideration from legally inadequate assumptions.

D. *The Previous Habeas Action Was Dismissed Without Prejudice*

63. Petitioner previously filed a habeas petition in *Landaverde Erazo v. Pinheiro*, No. 5:26-cv-05117-MCS-JDE.

64. The earlier action initially challenged Petitioner's immigration detention before the September 3 custody hearing.

65. Magistrate Judge Early issued a Report and Recommendation on September 14, 2026, recommending that the original claims be dismissed as moot and

the challenge to the bond hearing, raised for the first time in reply, be dismissed for non-exhaustion.

66. District Judge Scarsi accepted the recommendation and entered judgment on September 17, 2026, dismissing the action without prejudice.

67. The judgment did not adjudicate the merits of the present challenge to the legality of the September 3 flight-risk determination.

68. Petitioner now brings a new action based upon the continued custody and the subsequently pursued administrative appeal.

E. *New Counsel Has Pursued Administrative Bond Review*

69. Petitioner has retained counsel for the limited purpose of pursuing a BIA bond appeal and federal habeas relief.

70. The administrative bond appeal has been filed. Petitioner does not seek representation through this action concerning the merits of his removal case. His next master calendar hearing is reportedly scheduled for November 2, 2026, at 8:00 a.m., by internet-based appearance.

71. Petitioner's ongoing detention affects his physical liberty while immigration proceedings continue. His habeas challenge remains confined to the legal justification for that detention.

## LEGAL BACKGROUND

A. *Section 1226(a) Requires Individualized Custody Administration*

72. Section 1226(a) generally authorizes arrest and detention pending a decision concerning removal and permits conditional release where the person does not fall within a qualifying mandatory-detention provision.

73. Under *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1192–93 (9th Cir. 2026), the § 1226 framework applies to ordinary interior apprehensions of persons present without admission, subject to any independently applicable mandatory-detention provision.

74. The regulations provide for administrative custody determinations and review by an Immigration Judge where permitted. 8 C.F.R. §§ 1003.19, 1236.1.

75. Under *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006), relevant custody factors include fixed residence, length of residence in the United States, family ties, employment history, appearance history, immigration history, and criminal record.

76. *Matter of R-A-V-P-*, 27 I&N Dec. 803, 805–07 (BIA 2020), recognizes that immigration-relief prospects and limited community ties may be considered when evaluating flight risk. Such matters are relevant within a genuinely individualized analysis; they do not displace the need to examine the whole record.

77. Petitioner recognizes that his entry in approximately 2021, limited period of residence, lack of United States citizen immediate relatives, and earlier immigration encounters are potentially relevant considerations. He does not ask the Court to disregard them.

78. Rather, he challenges whether the custody determination properly evaluated the significance of those circumstances in relation to actual future appearance and the availability of less restrictive conditions.

### B. *Martinez Preserves Judicial Review of Legal Error but Prohibits Reweighing Ordinary Bond Evidence*

79. Section 1226(e) restricts review of discretionary custody judgments. Nevertheless, *Martinez v. Clark*, 124 F.4th 775, 781–85 (9th Cir. 2024), recognizes that courts may review legal and constitutional error.

80. Under that framework, federal habeas relief is not available merely because a district judge would have granted bond on the same facts. Petitioner must identify a reviewable defect, such as failure to apply the correct standard, reliance upon legally impermissible reasoning, or an individualized determination unsupported by the procedures required by governing law.

81. The distinction is especially important where the Government alleges flight risk. The determination is predictive and fact-sensitive, but the lawfulness of the method used to reach it remains subject to judicial scrutiny.

82. An adjudicator may permissibly consider prior immigration encounters or limited ties. The constitutional and legal concern arises if those circumstances are treated as automatically establishing unmitigable flight risk without a rational connection to the individual's anticipated conduct.

C. *Rodriguez Diaz Does Not Establish an Automatic Government-Burden Requirement at an Ordinary Initial Section 1226(a) Hearing*

83. In *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1203–14 (9th Cir. 2022), the Ninth Circuit rejected a categorical Fifth Amendment rule requiring the Government to bear a clear-and-convincing burden at a second bond hearing for a detainee who already had received the ordinary § 1226(a) procedures.

84. Petitioner does not advance a categorical argument that every adverse initial bond decision is unconstitutional unless DHS bears that heightened burden.

85. The constitutional claim instead concerns whether Petitioner's actual September 3 proceeding afforded meaningful consideration under the governing standard and whether continued custody can lawfully rest upon its particular findings.

86. If the Court determines that additional process is constitutionally required, Petitioner requests safeguards tailored to the violation found, rather than assuming that a heightened burden automatically applies in every § 1226(a) case.

## CLAIMS FOR RELIEF

## COUNT ONE

CONTINUED DETENTION BASED UPON A LEGALLY DEFICIENT FLIGHT-RISK DETERMINATION VIOLATES 8 U.S.C. § 1226(a) AND THE FIFTH AMENDMENT

87. Petitioner re-alleges and incorporates the preceding allegations.

88. The Government's authority to detain under § 1226(a) is discretionary and must be administered through the applicable statutory and regulatory framework.

89. Petitioner alleges that his continued detention cannot be justified through a flight-risk determination that rests upon a legally impermissible assumption, fails to apply the required individualized standard, or treats factors that may be relevant to flight as conclusive without reasoned consideration of the actual record.

90. The September 3 determination should be examined for the legal standards actually applied, the specific evidence supporting nonappearance, the consideration of contrary evidence, and the rationale for any conclusion that release conditions would be insufficient.

91. Petitioner acknowledges that prior immigration encounters may bear upon custody. The legal significance of those encounters depends upon what

occurred: whether he received formal removal orders, failed to appear, complied with instructions, or was simply fingerprinted or processed.

92. Consequently, a reference to several prior apprehensions, without identification of their actual dispositions, cannot automatically establish that Petitioner previously absconded or will fail to appear in future proceedings.

93. Similarly, lack of criminal history does not itself eliminate flight risk, but it narrows any asserted basis for detention to nonappearance rather than dangerousness.

94. Petitioner submits that continued custody must rest upon a lawful, individualized flight-risk assessment supported by the actual administrative record rather than generalized assumptions.

95. Where the September 3 hearing record establishes a legally inadequate application of that standard, the resulting detention violates federal law and warrants habeas relief under § 2241(c)(3).

## COUNT TWO

### CONTINUED CONFINEMENT WITHOUT CONSTITUTIONALLY ADEQUATE INDIVIDUALIZED PROCESS VIOLATES THE FIFTH AMENDMENT

96. Petitioner re-alleges and incorporates the preceding allegations.

97. The Fifth Amendment protects persons against deprivation of physical liberty without due process of law. *Zadvydas v. Davis*, 533 U.S. 678, 690, 693 (2001).

98. Under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), procedural adequacy depends upon the private interest at stake, the risk of erroneous deprivation and probable value of additional safeguards, and the Government's legitimate interests.

99. The private interest is substantial because Petitioner remains physically confined in secure civil immigration detention.

100. The risk of erroneous deprivation depends upon whether the September 3 hearing meaningfully examined the available evidence bearing upon actual appearance and whether the adjudicator distinguished permissible custody considerations from unsupported predictions.

101. Appropriate additional safeguards could include a complete hearing recording, meaningful consideration of documentary evidence, the opportunity to address the actual significance of prior immigration encounters, and findings adequate to identify the legal basis for continued confinement.

102. The Government has a legitimate interest in securing Petitioner's attendance at removal proceedings. That interest, however, must be pursued

through procedures sufficient to protect against erroneous deprivation of liberty.

103. Petitioner therefore challenges the constitutional adequacy of his continued detention to the extent the September 3 proceeding failed to provide a meaningful opportunity to contest the Government's flight-risk rationale.

## COUNT THREE

### THE COURT SHOULD EXCUSE PRUDENTIAL EXHAUSTION OR RETAIN JURISDICTION PENDING THE BIA'S REVIEW

104. Petitioner re-alleges and incorporates the preceding allegations.

105. The September 17, 2026 judgment dismissed Petitioner's initial challenge to the September 3 bond hearing without prejudice for non-exhaustion.

106. Petitioner has since pursued an administrative appeal. That filing materially changes the procedural posture, although it does not conclusively establish completed exhaustion.

107. Under *Puga* and *Laing*, the Court retains discretion to excuse prudential exhaustion where the particular circumstances warrant immediate judicial examination of an otherwise reviewable constitutional injury.

108. The BIA's capacity to review the custody record, Petitioner's actual pursuit of the appeal, and the consequences of continued confinement must all be considered.

109. If the Court concludes that the BIA should first resolve the legal questions presented, Petitioner requests a stay rather than dismissal, consistent with *Leonardo*, 646 F.3d at 1160–61.

110. Such a stay would preserve judicial resources and prevent the unnecessary filing of a third habeas action concerning the same ongoing detention.

**REQUEST FOR EMERGENCY ADJUDICATION**

111. Petitioner respectfully requests expedited adjudication pursuant to 28 U.S.C. § 2243.

112. Section 2243 reflects Congress's recognition that federal courts should promptly examine petitions challenging allegedly unlawful physical custody. It directs the court to issue the writ or an order to show cause unless the application demonstrates that relief is unavailable, and it provides accelerated procedures subject to appropriate extensions for good cause.

113. Petitioner has remained detained since August 14, 2026, and challenges the legality of the September 3 custody determination. The central record is sufficiently focused to permit expedited examination of the

IJ's decision, hearing recording, and materials submitted during the proceeding.

114. Respondents should be directed to produce the complete September 3 custody record, including the written order, any explanatory memorandum, hearing audio, DHS evidence, and Petitioner's exhibits.

115. Petitioner further requests a prompt opportunity to respond to the Government's submission, followed by an expedited decision on the merits or the necessity of further administrative exhaustion.

116. Where the Court determines that the custody decision rests upon legal or constitutional error, Petitioner requests immediate release as the primary remedy and a constitutionally sufficient custody hearing as alternative relief.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully prays that this Court:

A. Assume jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 2241 and issue an expedited Order to Show Cause;

B. Declare that Petitioner's interior immigration detention is governed by 8 U.S.C. § 1226 rather than § 1225(b)(2)(A), subject to any independently established mandatory-detention predicate;

C. Determine that the September 3, 2026 custody-redetermination proceeding failed to provide the legally or constitutionally required

individualized assessment to the extent established by the complete administrative record;

D. Excuse prudential exhaustion under *Laing* and *Puga* in light of the circumstances presented, including Petitioner's subsequently filed bond appeal and the ongoing deprivation of physical liberty;

E. Issue a Writ of Habeas Corpus ordering Respondents to IMMEDIATELY RELEASE PETITIONER under reasonable noncustodial conditions if the Court determines that continued confinement lacks a lawful constitutional or statutory basis;

F. Alternatively, require Respondents to provide an expedited, constitutionally adequate custody hearing before a neutral adjudicator at which the governing burden is expressly identified, relevant individualized evidence is meaningfully considered, and the legal basis for any finding of nonappearance is adequately explained;

G. Require any new hearing to assess accurately the character and disposition of Petitioner's prior immigration encounters, his lack of reported criminal history, employment and residence evidence, any proposed sponsor, his conduct during the August 14 apprehension, his history of compliance with governmental instructions, and all reasonable alternatives to secure detention;

H. Require meaningful consideration of Petitioner's ability to pay a financial bond and any appropriate reporting, monitoring, residence, or other lawful noncustodial conditions, insofar as those considerations are necessary to remedy the constitutional or legal deficiencies established;

I. Direct Respondents to produce the complete September 3 custody record, including the hearing audio, written determination, any explanatory memorandum, DHS exhibits, and Petitioner's supporting evidence;

J. If the Court determines that completion of the pending BIA appeal is required, stay rather than dismiss the habeas proceedings and retain jurisdiction pending completion of administrative review;

K. Award such costs and attorney's fees as may be available under applicable law; and

L. Grant such other and further relief as the Court deems just and proper.

Dated this 12th day of October, 2026.

/s/*Alex Galvez*__________________
Alex Galvez, Esq.
Attorney for Petitioner

**VERIFICATION BY PETITIONER PURSUANT TO 28 U.S.C. § 2242**

I, Alex Galvez**,** am submitting this verification on behalf of , who is currently detained by the U.S. Department of Homeland Security at the ADELANTO ICE PROCESSING FACILITY in Adelanto, California. Petitioner is being held under conditions that severely restrict or prevent meaningful communication with the outside world.

As a result, he is unable to review or sign this petition personally or to prepare and file it on his own behalf.

I have communicated with Petitioner to the extent possible and have obtained the factual information contained in this Petition from my direct knowledge, records, and reliable sources. I hereby verify that, to the best of my knowledge and belief, the factual statements contained in the attached Petition for Writ of Habeas Corpus are true and correct, and that I could testify to those facts if called upon to do so.

Date: 10/12/2026

/s/*Alex Galvez*____________
Alex Galvez