UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

NELSON ARMANDO LANDAVERDE ERAZO,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 5:26-cv-06016-JDE

ORDER REGARDING PETITION

## I.
## INTRODUCTION

On October 12, 2026, Nelson Armando Landaverde Erazo (“Petitioner”), through counsel, filed an “Emergency” Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his ongoing detention by immigration authorities, requesting an “expedited decision.” Dkt. 1 (“Petition” or “Pet.”). As for substantive relief, he primarily seeks a finding that a custody-redetermination hearing that he received on September 3, 2026 (the “Bond Hearing”) failed to comply with the Constitution, with a further finding that exhaustion should be excused, with alternative relief of either immediate release or an order directing Respondents to provide a new bond hearing, with

several requested additional requirements, and, if exhaustion is required, a stay rather than dismissal of the action. Id. at 28-30. Petitioner notes that a prior Petition he had filed was dismissed, including a dismissal of "Petitioner's challenge to the September 3, 2026 bond hearing without prejudice for failure to exhaust Petitioner's available administrative remedies." See Landaverde Erazo v. Pinhero, 5:26-cv-05117-MCS-JDE (C.D. Cal.) ("Prior Action"), Dkt. 13 (Order Accepting Report and Recommendation) at 2.

The Court grants Petitioner's request for an "expedited decision," finding that further briefing or argument is not warranted, and, for the reasons discussed below, denies and dismisses the Petition without prejudice.

## II.

## DISCUSSION

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam); see also Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). The exhaustion requirement is not jurisdictional, but prudential exhaustion may be required when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) (as amended).

Exhaustion may be waived where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be futile, irreparable injury would result, or the administrative proceedings would be void. Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004); Ward, 678 F.3d at 1045. "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of [the] Laing factors applies." Chavez v. Noem, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) (citation omitted).

Detainees subject to Section 1226 who are dissatisfied with the IJ's bond determination may file an administrative appeal with the BIA. See Leonardo, 646 F.3d at 1160. "If they remain dissatisfied, they may file a petition for habeas corpus in the district court." Id. Petitioners should "exhaust[] administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." Id.; see also Rojas-Garcia v. Ashcroft, 339 F.3d 814, 819 (9th Cir. 2003) ("[T]he petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal[.]").

Prudential exhaustion applies here. Petitioner has appealed to the IJ's decision following the Bond Hearing. Pet. ¶ 11. He concedes that such appeal "does not automatically constitute completed exhaustion." Id. ¶ 12. The Court agrees. See Leonardo, 646 F.3d at 1160; Rojas-Garcia, 339 F.3d at 819.

Here, the Court previously found, before Petitioner filed an appeal to the Board of Immigration Appeal ("BIA") of the IJ's ruling at the Bond Hearing, that prudential exhaustion applies to his habeas challenge to that ruling. See Prior Action, Dkt. 11 (Report and Recommendation) at 3-6; Dkt. 13 (Order Accepting) at 2. The Court again finds that prudential exhaustion applies now.

Each of the prudential exhaustion factors weigh in favor of requiring full exhaustion. First, Petitioner challenges several findings from the Bond Hearing

and asks this Court to "determine whether the adjudicator relied upon a generalized assumption arising from Petitioner's manner of entry, nationality, prior border encounters, or limited immigration relief, rather than identifying a reasoned connection between those circumstances and a present likelihood of nonappearance." But Petitioner, who was represented by counsel at the Bond Hearing, does not explain why those challenges, if warranted, cannot be addressed and corrected in the context of an appeal before the BIA, where the factual record can and should be properly developed. See Executive Office for Immigration Review, Part II - OCIJ Immigration Court Practice Manual, Chap. 8.3(e)(7) ("Usually, the [IJ's] decision is rendered orally. If either party appeals, the [IJ] prepares a written decision based on notes from the hearing, however the record will not be transcribed.") available at https://www.justice.gov/eoir/policy-manual-eoir/part-II/icpm.

Second, waiving exhaustion in this instance would encourage others to deliberately bypass the established administrative scheme, which contemplates appeals with the BIA, not the district court, in the first instance, particularly when the administrative hearing took place after the filing of the petition in district court. That is particularly true here, when the district court required administrative exhaustion of a challenge to the same Bond Hearing less than a month before the instant Petition was filed.

Third, the outcome of such appeal may provide Petitioner the relief sought in this proceeding and eliminate the need for judicial review.

Further, Petitioner has not shown exhaustion should be waived here. That Petitioner purports to raise constitutional challenges to the Bond Hearing, such challenges do not compel a waiver of exhaustion because the BIA is "well-equipped" to consider challenges to the IJ's decision and may provide the relief Petitioner seeks. Kanar v. Semaia, 2026 WL 966569, at *4-5 (C.D. Cal. Apr. 7, 2026) (citation omitted). To the extent Petitioner challenges how

the IJ considered the evidence, this is a case-specific claim about the adequacy of one decision in one proceeding, exactly the type of claim the BIA is designed to review. See Liu v. Janecha, 2026 WL 2178768, at *4 (C.D. Cal. July 27, 2026).

Petitioner also has not shown he will suffer irreparable injury that he, in particular, will suffer by waiting for a BIA decision. "[I]f the ordinary delay of administrative review—and its corresponding extension of a petitioner's detention—constituted 'irreparable injury' sufficient to excuse exhaustion, then it would be excused in every bond denial." Liu, 2026 WL 2178768, at *4. Excusing exhaustion on this basis "would cause the exception to swallow the rule." Yu v. Noem, 2026 WL 1042213, at *3 (E.D. Cal. Apr. 17, 2026), adopted by 2026 WL 1188854 (E.D. Cal. Apr. 30, 2026). While the time needed to complete a BIA appeal may tip against enforcement of exhaustion in some cases with compelling facts, it is not enough on its own to warrant waiving the exhaustion requirement and is not warranted in this case.

Accordingly, Petitioner's challenges to the Bond Hearing is denied and the action is dismissed without prejudice, not stayed, for failure to exhaust administrative remedies.

## III.

## ORDER

IT IS THEREFORE ORDERED that Judgment shall be entered denying the Petition and dismissing this Action without prejudice.

Dated: October 14, 2026____

JOHN D. EARLY
United States Magistrate Judge